UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE THOMAS KINKADE FOUNDATION CHARITABLE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and THE INTERNAL REVENUE SERVICE,<br><br>Defendants. | Civil Action No. 02-1973 (RMC) |

## MEMORANDUM OPINION

The Thomas Kinkade Foundation Charitable Trust ("Foundation") has been trying, since October 4, 2000, to obtain a favorable ruling from the Internal Revenue Service ("IRS") on its application for tax-exempt status under § 509(a)(3) of the Internal Revenue Code of 1986 ("Code"). After dealing with four different IRS agents over a period of years, submitting volumes of material in response to inquiries from the IRS, and receiving an adverse determination based on issues that allegedly were never part of the previous communications, the Foundation sought a declaratory judgment under 26 U.S.C. § 7428. The IRS has moved for dismissal based upon its assertion that the Foundation has failed to exhaust its administrative remedies. The Foundation opposes the motion to dismiss.

The Court finds that § 7428(b)(2) applies here,[1] that the Foundation has taken timely and reasonable steps to secure a determination on its status, and that the Secretary has failed to make a determination within 270 days. Therefore, the motion to dismiss will be denied.

---

[1] "An organization requesting the determination of [tax-exempt status] shall be deemed to have exhausted its administrative remedies with respect to a failure by the Secretary to make a determination with respect to such issue at the expiration of 270 days after the date on which the request for such determination was made if the organization has taken, in a timely manner, all reasonable steps to secure such determination." 26 U.S.C. § 7428(b)(2).

**Analysis**

The question is straightforward: has the Foundation met the requirements of § 7428(b)(2) so that the Court has jurisdiction over its declaratory judgment action? The facts are not in dispute and come from the complaint and the government's memorandum in support of its motion to dismiss. The Foundation filed its petition on October 4, 2000. The IRS requested additional information on November 9, 2000. The case was transferred to the IRS National Office in December 2000. The Foundation supplied the requested information in early 2001. On August 22, 2001, the IRS requested more information. The Foundation submitted it on October 19, 2001. The IRS requested yet more information on May 6, 2002. The Foundation provided the information on June 17, 2002. The IRS issued the proposed adverse determination letter on August 22, 2002. The Foundation filed a protest on October 2, 2002. It filed this action on October 7, 2002.

Along the way, the petition for tax exempt status was reviewed by at least four different IRS agents, each of whom appears to have started anew. The Foundation responded on a timely basis to each agent's request for information, yet more than 730 days passed between the time the Foundation submitted its Form 1023 to begin the process with the IRS and the time it gave up and filed this declaratory judgment action.

The IRS argues that this Court lacks jurisdiction because the Foundation's protest of the preliminary denial letter is still pending and, therefore, it has not exhausted its administrative remedies. The IRS also argues that it must have "a reasonable time to act upon the appeal or request for reconsideration," which it says it lacks because the Foundation filed this suit only five days after filing its protest. Memorandum in Support of Defendant's Motion to Dismiss at 5. It cites its own

-3-

regulation at 26 C.F.R. § 601.201(n)(7)(vi) for this proposition.[2]  The IRS ignores the unfortunate impact its glacial pace has had on the Foundation's development.

The regulation cannot trump the statute.  It is clear that a petitioner who has timely provided all information requested and has assiduously assisted the IRS in determining its status has the right, after 270 days without resolution, to seek a court judgment on the question.  Since the Foundation has done just that, the Court has jurisdiction to hear and decide this case.

The motion to dismiss is **DENIED**.  The motion for a hearing is also **DENIED**.  A scheduling conference will be arranged.

**SO ORDERED**.


DATED: May 19, 2003                   /s/
                                      ROSEMARY M. COLLYER
                                      United States District Judge

---

[2]  The Court notes that the protest has not been decided by the IRS despite the passage of more than seven months since it was filed in October, 2002.  The government has no prediction as to when it might act.